UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YOANDRIS ROSALES FUENTES,

        Plaintiff,

v.                         Case No. 3:19-cv-941-J-39JRK

JULIE JONES, et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff initiated this action on August 15, 2019, by filing a civil rights complaint (Doc. 1; Complaint) and a request to proceed as a pauper (Doc. 2). Plaintiff executed and signed the civil rights complaint form, certifying his compliance with Rule 11 of the Federal Rules of Civil Procedure. Complaint at 12. The civil rights complaint form requires prisoners to disclose information regarding previous lawsuits initiated by them, including those dealing with the same facts or relating to the conditions of their confinement. Id. at 9. In response to the following question on the complaint form, Plaintiff responded "no": "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" Id. at 10-11.

    On August 20, 2019, the Court directed Plaintiff to show cause, by September 23, 2019, why this case should not be dismissed

for his failure to honestly apprise this Court of his litigation history. See Order (Doc. 3). The Court advised Plaintiff that his failure to show satisfactory cause would result in the dismissal of this case without further notice.

On September 18, 2019, Plaintiff filed an untitled document, which, while largely indecipherable, appears to be a response to the order to show cause (Doc. 5; Response). The Court finds Plaintiff's Response unsatisfactory. Significantly, Plaintiff does not explain why he misrepresented his litigation history, nor does he state why the case should not be dismissed despite his misrepresentation. Rather, Plaintiff merely lists the cases this Court cited in its order to show cause, and he states he was a "victim of abuse" in each of those cases. See Response at 2.[1] Additionally, Plaintiff failed to include an original signature.

A court may, in its discretion, dismiss a complaint for abuse of the judicial process if a pro se plaintiff knowingly and deliberately fails to disclose prior lawsuits based on the conditions of his confinement. See Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam). The Court finds Plaintiff's failure to disclose his prior cases was done knowingly and deliberately. The complaint form dedicates an entire section,

---

[1] Plaintiff also asks for a copy of his "investigation" back. It is unclear what Plaintiff is referring to or requesting.

spanning over two pages, to information about a plaintiff's "previous lawsuits." See Complaint at 9-11. Specifically, the complaint form requires a plaintiff to disclose whether he has had a case dismissed under the "three strikes" rule; whether he filed prior cases dealing with the same facts; or whether he filed prior cases based on the conditions of his confinement. In response to these three questions, Plaintiff checked the box indicating a "no" response. Id. Moreover, Plaintiff wrote "N/A" in each space prompting him to provide court and filing information about previous lawsuits. Id. at 10-11.

Plaintiff's responses indicate he read and understood the complaint form yet chose to withhold crucial information.[2] See Harris, 498 F. App'x at 964-65 (holding the district court's finding of an "affirmative misrepresentation" was not an abuse of discretion where the plaintiff made no attempt to disclose any information about his prior cases but instead marked "no" or "not applicable" in response to the questions). Even if Plaintiff did not intend to mispresent the facts or did not understand the complaint form, dismissal would be an appropriate sanction. See

---

[2] Notably, Plaintiff is familiar with the civil rights complaint form and has demonstrated an understanding of the questions. On February 15, 2019, Plaintiff completed and submitted a civil rights complaint form in a separate action. See Case No. 3:19-cv-215-J-39MCR. In that complaint form, Plaintiff disclosed a prior case he filed based on the same facts.

Jenkins v. Hutcheson, 708 F. App'x 647, 648–49 (11th Cir. 2018) (per curiam) (affirming the district court's sanction of dismissal because the plaintiff's failure to disclose previous lawsuits, even if unintentional, frustrated the district court's ability to perform its screening function under the Prison Litigation Reform Act); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225-26 (11th Cir. 2011) (per curiam) (affirming the district court's dismissal of the complaint because the plaintiff misrepresented his litigation history even though the plaintiff, a pro se litigant, stated he did not understand the complaint form).

To effectively screen and manage the cases before it, this Court must require all litigants, especially those proceeding pro se, to approach the Court with candor and to abide Court orders and rules. As such, the Court concludes dismissal without prejudice is an appropriate sanction under these circumstances.[3] If Plaintiff decides to file another civil rights action in this Court, he must completely and truthfully respond to all questions on the civil rights complaint form.

---

[3] In his Complaint, Plaintiff complains of conduct that occurred on August 17, 2017. See Complaint at 5. Thus, a dismissal of the Complaint will not be tantamount to a dismissal with prejudice because the four-year limitations period has not run.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for Plaintiff's abuse of the judicial process.

2. The **Clerk of Court** shall enter judgment dismissing this case, close the case, and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Yoandris Rosales Fuentes, #B11236

5